**Patrick Evrard FAVI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76888.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 31, 2007.

Filed Sept. 10, 2007.

Deborah S. Smith, Esq., Reynolds Motl & Sherwood, Helena, MT, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Stuart S. Nickum, Esq., U.S. Department of Justice Civil Division, Washington, D.C., for Respondent.

Before: B. FLETCHER, McKEOWN, and GOULD, Circuit Judges.

MEMORANDUM *

Favi petitions this court for review of two decisions made by the Board of Immigration Appeals ("BIA"). First, Favi challenges the BIA's decision, on remand from this court, that Favi had failed to establish any connection between any alleged perse-

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cution and membership in a particular social group recognized by statute. Second, Favi challenges the BIA's original decision to find him ineligible for relief under the Convention Against Torture ("CAT"). We now deny in full the petition for review.

In Favi's previous appeal to this court, we found that the BIA had failed to clearly determine whether any alleged persecution would be "on account of" a protected ground. Accordingly, we remanded to the BIA so that it might clarify its position. On remand, the BIA held that petitioner had failed to adduce any evidence that Favi would be persecuted on account of his status as a son of a father in the Ogun tribe. We agree. Favi has presented evidence that his father is a member of the Ogun tribe. He has presented evidence that his father once severely whipped another family member. But Favi has not presented evidence that any beatings he might receive are related to his membership in a group comprised of sons of fathers in the Ogun tribe who are subjected to discipline that rises to the level of persecution. Without establishing the existence of such a group or such a causal nexus, Favi cannot demonstrate eligibility for asylum or withholding of removal.

In order to receive relief under the CAT, Favi must "establish that it is more likely than not that he ... would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). Any alleged torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). Because Favi has not provided any evidence of government acquiescence or that any alleged torture is "more likely than not" to occur, he fails to carry the burden of proof. The evidence presented by Favi demonstrates only that the alleged torture—if the acts described by Favi were to rise to that level—would occur *if* Favi continued to use illegal drugs in Benin, an event the record suggests is quite unlikely. Moreover, Favi has not presented any evidence, other than the unsupported speculation of his mother, that the government would acquiesce in any torturous activities. Without more, Favi cannot make the requisite showing.

For the above cited reasons, the petition for review is hereby:

**DENIED.**